RIPPLE, Circuit Judge,
concurring.
I am very pleased to join the excellent opinion of the court written by Judge Hamilton. I write separately only to note that, in my view, our task of adjudicating this matter would have been assisted significantly if the United States had entered this case as an amicus curiae.
The Emergency Economic Stabilization Act, P.L. 110-343, 122 Stat. 3765, and the programs implemented under its authority are of vital importance to the economic health of the Country. Prolonged litigation is hardly a catalyst to the effective administration of these programs. As the opinion for the court details with great care, the program at issue here has been the subject of many cases in the district courts. Efficient and accurate resolution in this court is important to the effective administration of the legislative program and, in that respect, the views of the executive department charged with the administration of the statute undoubtedly would have been of great assistance.
I hasten to add that, in suggesting that the participation of the United States would have been helpful to us, I do not mean to criticize in the least the efforts of counsel for the private parties before us. The perspective brought to a case such as this by the Government is simply different. It is uniquely qualified to express the purpose and the operation of the statute and to represent the public interest.
I also must qualify my view in another respect. From my vantage point, I am not privy, of course, to the myriad of considerations that must govern the allocation of legal resources in a Government whose legal talent is certainly not under-used. Indeed, the demands on those resources are overwhelming. It may well be that the participation of the Government in a case such as this one is simply not possible in the real world of limited resources in which we live.
I note that it is possible for the court to invite the Government’s participation as an amicus in cases of such public importance. Indeed, we do so with some regularity. There are, however, costs to proceeding in that manner. The need for such participation often becomes apparent only after there has been significant judicial scrutiny of the case. Such scrutiny is possible, at least in this circuit, only shortly before oral argument. As a practical matter, seeking the participation of the Government at that point in the life of an appellate case inevitably increases, often significantly, the elapsed time before final adjudication.
In this case, this last consideration justifies the decision to proceed without further delay. Prompt resolution of this matter is necessary not only for the good of the litigants but for the good of the Country. As the quality of my colleague’s opinion reflects, moreover, there is no reason for further delay. Nevertheless, the salutary practice of the Government’s participating in private litigation of public importance must remain alive and well in the tradition of the court.